# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1280

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Antwan L. Tinsley, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 20, 2009
Filed:  March 1, 2010

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After the district court[1] denied his motion to suppress, Antwan Tinsley entered a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).  Tinsley now appeals the denial of his motion to suppress, and we affirm.

In the early morning hours of December 3, 2006, officers with the Kansas City, Missouri, police department were called to respond to the intersection of 28th and

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Troost where a driver was reported to be slumped over the wheel of his vehicle. Upon arriving at the scene, the officers observed Tinsley's vehicle stopped in the middle of the street, with its left turn signal activated and the engine running. As officers approached the vehicle, they saw Tinsley asleep in the driver's seat. In an effort to awaken him, the officers began knocking on the window, shaking the vehicle, and shouting. After about two minutes, Tinsley apparently awoke and, without acknowledging the officers, began to slowly move his vehicle forward.

The officers returned to their squad car and activated its siren. After driving a short distance, Tinsley stopped his vehicle. Officers again approached the vehicle and shouted for Tinsley to roll down the window, put the vehicle in park, and open the door. After another two minutes, Tinsley slowly rolled down his window. One of the officers immediately reached in through the window, put the vehicle in park, and opened the door. Upon opening the door, officers began to remove Tinsley and smelled a strong odor of alcohol. Based on their observations, officers believed Tinsley was intoxicated and arrested him for driving while impaired.[2]

While two officers placed Tinsley under arrest, a third officer began searching the vehicle. The search produced a handgun, cocaine, and some marijuana. Tinsley was charged in a two-count indictment with being a felon in possession of a firearm and possession with intent to distribute cocaine base. He moved to suppress the evidence found during the search. The magistrate judge[3] recommended that the motion be denied, and the district court adopted the magistrate judge's report and

---

[2]Notably, the officers decided not to conduct a field sobriety test because they believed that Tinsley's impairment was obvious and that it would not have been safe to ask Tinsley to take the test.

[3]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

-2-

recommendation. Tinsley then pled guilty to the firearm charge but reserved his right to appeal the denial of the motion to suppress.[4] Tinsley now brings that appeal.

"When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and the legal question of whether the Fourth Amendment was violated de novo." United States v. Romo-Corrales, 592 F.3d 915, 918 (8th Cir. 2010). "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment–subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest." Arizona v. Gant, 129 S. Ct. 1710, 1716 (2009). Here, the district court held that the search of Tinsley's vehicle was reasonable as an automobile search incident to arrest. On appeal Tinsley contends that his arrest was unlawful and that the search exceeded the scope of an automobile search incident to arrest as outlined in Gant. We disagree.

Tinsley first argues that because police failed to conduct a field sobriety test, the district court erred in finding that his warrantless arrest was lawful. "A warrantless arrest without probable cause violates the Fourth Amendment as applied to state actors by the Fourteenth Amendment." Stufflebeam v. Harris, 521 F.3d 884, 886 (8th Cir. 2008). "We review *de novo* the district court's conclusion that there was probable cause to arrest, and the underlying factual determinations for clear error." United States v. Quiroga, 554 F.3d 1150, 1154 (8th Cir.), cert. denied, 129 S. Ct. 2175 (2009). And "[w]e consider 'the totality of the circumstances as set forth in the information available to the officers at the time of arrest.'" Id. (quoting United States v. Kelly, 329 F.3d 624, 628 (8th Cir. 2003)). Prior to his arrest, officers observed Tinsley (1) sleeping (or passed out) at the wheel of his vehicle on a public street with

---

[4]Pursuant to the plea agreement, the government dismissed the cocaine charge.

the engine running and the vehicle in gear, (2) taking several minutes to respond to officers attempts to awaken him, (3) driving the vehicle away without acknowledging the officers, and (4) acting lethargic and slow. Additionally, officers smelled a strong odor of alcohol coming from Tinsley. Under the totality of the circumstances, this information was sufficient to give officers probable cause to arrest Tinsley for driving while impaired.

Tinsley's second argument is that the warrantless search of his vehicle was impermissible under Gant. We disagree. Pursuant to Gant, "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is [(1)] within reaching distance of the passenger compartment at the time of the search or [(2)] it is reasonable to believe the vehicle contains evidence of the offense of arrest." Gant, 129 S. Ct. at 1723. Tinsley argues that because he was already secured at the time of the search, the search exceeded the scope of Gant. However, the officers' observations of Tinsley's behavior coupled with the strong odor of alcohol gave them a reasonable basis to believe that evidence relevant to Tinsley's intoxication (i.e. the means of intoxication such as bottles containing alcohol) might be found in the vehicle.[5] Thus, under the second prong of Gant, the warrantless search of Tinsley's vehicle incident to his lawful arrest was reasonable.[6]

---

[5]Such containers would be relevant to a subsequent prosecution not only for driving while impaired, but also the separate, yet related, offense of consuming an alcoholic beverage while driving. See Mo. Ann. Stat. § 577.010 (driving while intoxicated); id. § 577.017 (consuming an alcoholic beverage while driving).

[6]The magistrate judge also found the warrantless search reasonable under the inventory exception. See, e.g., United States v. Betterton, 417 F.3d 826, 830-31 (8th Cir. 2005) (discussing the inventory exception to the warrant requirement). Since this search was reasonable under Gant, we do not express any opinion on the reasonableness of the inventory search.

Therefore, we conclude that officers had probable cause to arrest Tinsley for driving while intoxicated and that the warrantless search was reasonable under the search of a vehicle incident to a recent occupant's arrest exception as refined by Gant. Accordingly, the judgment of the district court is affirmed.

_____